REQUESTED BY: Ron Lahners, Lancaster County Attorney.
Where the county board fails to make a tax levy for a sanitary and improvement district, although the levy had been properly certified to the board, may the levy be made when the mistake has been discovered, after taxes have become due?
No:
You report that a sanitary and improvement district properly certified a levy as provided by section 23-927, R.R.S. 1943, but that the county board somehow failed to make the levy. Your question is what can be done about it now that the mistake has been discovered.
We know of no statutory provision for correcting such a mistake at this time. Section 77-1502, R.R.S. 1943, authorizes the county board of equalization to meet at any time to equalize the assessment of omitted or undervalued property. In our opinion, that provision is not applicable to your problem. The property in the district was not omitted, but the levy was. We do not believe the court would extend the reach of the statute to cover this situation.
The concurring opinion of Judge Clinton in DeCamp v.State Board of Equalization and Assessment, 203 Neb. 366, ___ N.W.2d ___ (1979), is instructive in this area. He pointed out that additional taxes cannot be levied after they have been paid with the single exception of omitted property. He outlined the time schedule for the levy and for the due and delinquent dates of personal property taxes and real estate taxes, and said that by the time that case was at issue, January 17, 1979, `the rights of individual taxpayers were set in concrete.' We believe the same must be said with respect to the taxpayers in the sanitary and improvement district in question.
If additional taxes are to be levied on property after the general taxes have become liens on the property, and have, in most cases, been paid at least in part, there should be specific statutory authority. We have found none. We therefore conclude that, unfortunate as it may be, the taxes cannot be levied against the property at this time.
We will not undertake to advise the district as to what should be done to pay the necessary expenses of the district until further tax revenues come in. Under section 31-733, R.R.S. 1943, a district has a right to employ its own attorney. The district must rely on his advice as to how to resolve this unfortunate and difficult problem.